UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ERIC STUBB,<br>Defendant. | CASE NO. 3:25-cr-05035-BHS<br>ORDER |

This matter is before the Court on defendant Eric Stubb's motion for early termination of probation. Dkt. 20.

In 2024, Eric Stubb was charged in the Western District of Wisconsin with Unlawful Possession of Unregistered Destructive Devices in violation of 26 U.S.C. §5861(d). The case was transferred to this District, and Stubb pleaded guilty to the charge. On August 7, 2025, he was sentenced to two years of probation. Dkt. 15. Stubb's probation is scheduled to terminate on August 6, 2027.

At sentencing, this Court noted that "if after a year's time there's been no violations whatsoever" it "would entertain an early termination of probation, because . . .

one year could be enough." Dkt. 20-1 at 30. A year has elapsed, and Stubb now asks this Court to terminate his probation.

Stubb argues that he has performed well under supervision and has lived in a "positive, peaceful, and respectful way," and has never violated the terms of his probation. Dkt. 20 at 6–7. Further, at the time of sentencing, Stubb noted that he used marijuana for medical purposes, i.e. to manage his chronic pain, and asked that the Court not require him to abstain from using it as a condition of probation. This Court did impose that requirement but encouraged Probation "to recognize that he uses marijuana . . . and that should influence how often they [tested]." Dkt. 20-1 at 21. Stubb has, however, apparently refrained from using marijuana at all.

Probation confirms that Stubb has not violated the terms of his probation and recommends that his motion be granted. Probation states that Stubb "has performed well on supervision" and notes that he has been "easy for probation to contact" and "has always been very communicative." Dkt. 22 at 1. It also notes that although Stubb has tested positive for alcohol, he has always been honest about his consumption, and that there have not been any consequences due to his alcohol intake. *Id.* at 2.

The Government opposes early termination, noting there is "an outstanding question as to Stubb's compliance with the terms of his probation," because "Stubb admits to alcohol use, which presents a technical violation of the terms of his probation." Dkt. 21 at 3. However, as noted in Stubb's reply and in Probation's report, the Court did not order Stubb to refrain from consuming alcohol, but that he must "abstain from the *abuse* of alcohol." Dkt. 15 at 4 (emphasis added). Stubb has apparently been forthright

with Probation about his alcohol use, which he claims to be moderate, and Probation confirms that there have been no consequences "legal or otherwise" to his consumption of alcohol.

The Court is satisfied that Stubb has diligently abided by the terms of his probation. Compliance with the conditions of supervised release for an extended period demonstrates rehabilitation and the possibility of early termination provides incentive to defendants to do well on supervision. The Court commends Stubb on his efforts towards rebuilding his life and his sustained compliance with the terms of his probation.

It is hereby **ORDERED** that Stubb's motion for early termination of probation, Dkt. 20, is **GRANTED**.

Dated this 28th day of September, 2026.



BENJAMIN H. SETTLE
United States District Judge